THE STATE, CHARLES MORAN, PROSECUTOR, v. THE CITY OF HUDSON.

1. A public street may be laid over lands already dedicated by the owner to the public for the purpose of a street,—especially when the owner has united with others in an application that the same may be taken and adopted as a part of a street or avenue, to be continued at either end of the street so dedicated.
2. The dedication does not exempt the owner from paying his due propor tion of the costs and expenses of operating the avenue.
3. A prosecutor will not be allowed to dispute, on *certiorari,* the validity of an ordinance to open a street, which was obtained by his aid, and in which others are largely interested and have incurred expenses on the strength of it.

On *certiorari.* In case of assessment for opening and widening streets.

Argued at June Term, 1869, before Justices WOODHULL and SCUDDER.

For prosecutor, *A. S. Jackson.*

For the city, *Herbert Stout* and *I. W. Scudder.*

BEDLE, J. The prosecutor, as the owner of one tract, and two others, owners of the adjoining tract of land, within the limits of Hudson City, filed in the clerk's office of Hudson county, March 13th, 1866, a map to dedicate a street through

both tracts, eighty feet wide, it evidently having been intended to be a part of a street to be continued on each side.

The distance of the street through the prosecutor's land was about eight hundred feet, and through the land adjacent about one thousand feet, and the same was dedicated by the name of Grand avenue.

About six months after the filing of the map, the prosecutor and the owners of the adjoining tract, together with other land-owners, applied to the common council of Hudson City to establish and open a street, to be called Grand avenue, by opening anew in some places, widening existing streets or roads in others, and connecting with the avenue in part dedicated, at each end, so as to make a continuous avenue of eighty feet wide and upwards, of one mile and a half in length, the part dedicated through the prosecutor's land being about midway of the whole avenue. The petition to the council referred to a sketch, which the petitioners prayed might be taken as a part thereof, showing by lines the locality, courses, and distances of Grand avenue, as the same would be when opened and widened. Afterwards the council passed an ordinance in accordance with the petition, to open a street where not then established, and to widen other streets and roads, and to connect with the street already dedicated—the whole to be known and distinguished, when opened and widened, as Grand avenue; and the same to be opened and widened according to the draft filed in the office of the city clerk, the same being the sketch or diagram referred to in the petition. The petition and ordinance each recognized the part dedicated as already dedicated and opened. The commissioner of assessment afterwards, as directed in the ordinance, made the assessment preliminary to the improvement, as provided in the charter of Hudson City, and returned a map of the whole avenue, showing the assessment of expenses and benefits. In this proceeding the prosecutor was assessed for benefits without any assessment in his favor for the value of his land included in the dedicated

State, Moran, pros., v. Hudson City.

part, or for damages, and this *certiorari* is brought to set aside the ordinance and assessment.

The ordinance is objected to, on the ground that the city could not open a street over land already dedicated as a public street. The act of dedication did not oblige the city to accept the part dedicated, or to be burthened with it as a public street. *Holmes* v. *Jersey City*, 1 *Beasley* 299; *Jersey City* v. *The State*, 1 *Vroom* 521.

The ordinance does not, in terms, open the part dedicated. It recognizes the same as dedicated and opened, and in effect accepts it as such, and adopts it as a part of the whole avenue. Whether a formal proceeding to open would be treated as an acceptance, it is not necessary to say. It is sufficient that the ordinance does no more than in effect to recognize, accept, and adopt it. Besides, after the act of dedication, and the petition of the prosecutor to have it taken and adopted as a part of the whole avenue, the prosecutor will not be permitted to question the right of the city to do just what the petition prays for.

The other objections chiefly relate to the assessment.

*First.* It is contended that no part of the expenses and cost of opening the avenue should have been assessed against the prosecutor, upon the ground that he had given his land for the street by the dedication. The charter (*Laws* 1855, *p.* 787, § 45,) provides that the commissioners shall determine what lands and real estate will be benefited by the improvement, and shall estimate the whole cost of said improvement, according to the best of their judgment, and shall cause a survey and map to be made of said improvement, and of the lots or parcels of land benefited thereby, and shall assess such estimated costs upon said lands to be benefited thereby, in *proportion to the benefits received* by each lot or parcel on said map; and shall also estimate and report the value of land taken for such improvements, and the erections thereon, and the damages aforesaid done by taking the same, &c. There was no estimate for the value of the prosecutor's land or damages. That was proper, as

by the dedication the prosecutor had relinquished any claim for such. The dedication vested in the public a right to the land for the purpose dedicated, without any liability for the value of the land or damages. But notwithstanding that, the prosecutor was entitled to all the benefit that could accrue to his land by reason of the dedication, and would be liable to be assessed over and above that, in proportion to the benefit received by reason of the opening of the rest of the avenue as a continuous thoroughfare. By this dedication the public became entitled to the street, free from any claim for the land or damages, but they took it subject to all such benefits as would result to the prosecutor from the dedication; but so far as the benefits were enhanced by the opening of the avenue on either side of the dedicated part, and thereby making one continuous avenue, to that extent the expenses and cost of accomplishing it would be assessed in proportion to the benefit received. The land to be assessed for benefits under the charter is not limited to such as is adjacent to any particular section or part of the street. Any land benefited by the improvement, without reference to particular location, is liable to bear its share of the expense in proportion to the benefit received. The assessment for benefits was not, therefore improper.

But, in the next place, it is urged that the commissioners designated the benefit resulting from the dedication in their estimate of benefits against the prosecutor. If it so appeared, that would be such a violation of principle as to induce our interference; but I have carefully examined the assessment map, and am unable to say that such benefit was disregarded. The forty-seventh section of the charter provides that any assessment or estimate of value and damages that may be made upon principles *contrary to the law and the provisions of the act,* may be reviewed, and for such cause set aside by the Supreme Court, on *certiorari,* and in case of setting aside any such assessment or valuation, appoint new commissioners, to examine into and report anew as to the part set aside. Although that provision is only declaratory of the common

State, Moran, pros., v. Hudson City.

law power and duty of this court in like cases, (*State* v. *Hudson City*, 3 *Vroom* 365,) yet it, together with the fact that an appeal is provided by the forty-fifth section,—in case of dissatisfaction, may be reviewed by other commissioners,—clearly indicate an intention against such interference, unless the error complained of is of law, and not merely a mistake of estimate or judgment as to the amount.

Whether the commissioners assessed too large an amount for benefits, not sufficiently regarding the benefit received from the dedication, would involve an inquiry into the location, quality, and adaptability of the land for lots, and its susceptibility to benefits by the improvement, which it would be improper to enter upon on *certiorari*, and which would only be proper on the appeal provided for in the charter. To induce any relief in this court, the prosecutor should have satisfied us that the provisions of the charter or some principle of law had been violated, and of that he has failed from the evidence before us. There may perhaps be some appearance of a disproportionate assessment between the prosecutor's land through which the dedicated street runs, and other lands through which the street was opened, if we simply look at the map, without any evidence of the quality and character of either; yet, notwithstanding that, it appears from the map that other lots which already lay upon a public road before it was widened to form a part of this avenue, are assessed for benefits at rates much higher than the prosecutor's land in question, and that, therefore, there is no guide from the map (which is the only evidence before us) by which we can determine that the commissioners violated the principle referred to. It is true, that when land is taken from other owners to widen an existing road, that an assessment for the value of the land is allowed, which would reduce the amount to be paid by such owners for benefits less than that the prosecutor will have to pay, yet that results necessarily from the effect of his dedication, but does not give him immunity from assessment for benefit, so far as he may be benefited by

the whole improvement over the benefits received from the dedication alone.

It was also insisted on the argument that the assessment was made according to frontage on the proposed avenue, and not in proportion to the benefits received by each lot. That is not warranted by the facts before us. That does not appear to have been the rule of the assessment. The return shows a compliance with the charter, and the contrary in no way appears. It however does appear that some lots similarly situated on the map will rate at or about the same per lineal foot, yet that is only inconsiderably so, and in such cases the court cannot say that that would be an improper way of fixing the proportion of benefits for lots thus similarly situated. That mode is not necessarily wrong in all cases. *Jersey City* v. *Howeth,* 1 *Vroom* 529. The return undoubtedly should show a compliance with the mode of assessment authorized in the charter, and this return does.

The remaining objection has reference both to the ordinance and assessment—that the opening and widening should have been separately ordered by the common council, or if not separately ordered, that there should have been separate assessments for the opening and widening respectively. No question is raised as to the power of the council to open, alter, or widen, and this objection goes to the mode of its exercise. I am not prepared to say that where the improvement has the character of unity, as this has, in its scope and object, that the council, under the charter, could not direct it as an entirety, and open or widen, or both, in the same proceeding to accomplish it; but, however that may be, the prosecutor has no right to urge the objection against the ordinance, as the improvement was precisely as applied for. Expenses have been incurred on the strength of it. Others are largely interested in it who do not object; and the prosecutor should not be allowed now to dispute on *certiorari* the result of his own act. Under these circumstances, also, treating the improvement as an entirety, as we must, separate assessments could not be required by the

prosecutor. If separate assessments had been made for the opening and widening, severally, each assessment would have extended to all lots benefited; and although if each act of opening and widening had been viewed by itself, disconnected from the plan of a through avenue, as one improvement, the prosecutor may have escaped assessment to some extent; yet, taking it as one improvement, as it evidently is, and as the petitioners contemplated, it is equitable and just that the prosecutor should be assessed on that basis, and there need not have been, as against the prosecutor at least, but one assessment for the one improvement.

None of the reasons assigned are sufficient to induce the setting aside of the assessment, and the *certiorari* should be dismissed, with costs.

WOODHULL and SCUDDER, Justices, concurred.

CITED *in State, Pudney, pros., v. Passaic,* 8 *Vr.* 68.